UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. _____ |
| v. | ) ) ) **COMPLAINT** |
| MINNESOTA DEPARTMENT OF COMMERCE, | ) ) ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to retired employees harmed by the discriminatory conduct. The U.S. Equal Employment Opportunity Commission ("Commission") alleges the Minnesota Department of Commerce discriminated against one or more former employees by denying them early retirement incentive benefits because of their age.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

3. Prior to the institution of this lawsuit, a directed investigation was initiated by the EEOC of whether the Minnesota Department of Commerce had violated the ADEA. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. The Minnesota Department of Commerce is an agency of the State of Minnesota.

6. At all relevant times, the Minnesota Department of Commerce has continuously been an employer, a political subdivision of a State, within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

7. From at least September 4, 2004, Defendant Minnesota Department of Commerce maintained collective bargaining agreements, entered into by the State and the Minnesota Law Enforcement Association.

8. The collective bargaining agreements contained provisions that denied early retirement incentive payments to certain employees because of their age in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

9. One or more of the employees of the Minnesota Department of Commerce who retired on or after September 4, 2004 and who were older than age 55 were denied the early retirement incentive benefit because of their age.

10. The early retirement incentive plans contained in the agreements violate the ADEA. They are facially discriminatory.

11. By Order dated April 8, 2010, the Honorable Paul A. Magnuson held in *EEOC v. Minnesota Department of Corrections*, Civil Case No. 08-CV-05252 (PAM/FLN) that the provisions imposing age-caps in the early retirement incentive plans violated the ADEA. The Order of the District Court was affirmed by the Eighth Circuit Court of Appeals in *EEOC v. Minnesota Department of Corrections*, 2011 WL 3477201 (8th Cir. Aug. 10, 2011).

12. The effect of the practices complained of above has been to deprive one or more employees who retired on or after September 4, 2004, and who would have been qualified to receive the early retirement incentive benefit but for their age, of equal employment opportunities and otherwise adversely affect their status as an employee, because of their age.

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant the EEOC the same relief here as the District Court granted in *EEOC v. Minnesota Department of Corrections*, Civil Case No. 08-CV-05252 (PAM/FLN).

B. Order Defendant Minnesota Department of Commerce to pay backpay to all persons denied the early retirement insurance benefit between September 4, 2004 and the present.

C. Order Defendant Minnesota Department of Commerce to restore the benefit to all persons who would be entitled to receive such benefit except for having been excluded from it based upon their age.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NE
5th Floor
Washington, D.C. 20507
(202) 663-4702


Dated: September 26, 2011         s/John C. Hendrickson
                                  John C. Hendrickson
                                  Regional Attorney


Dated: September 26, 2011         s/Jean P. Kamp
                                  Jean P. Kamp
                                  Associate Regional Attorney

                                  Equal Employment Opportunity Commission
                                  Chicago District Office
                                  500 West Madison Street, Suite 2000
                                  Chicago, IL 60661
                                  (312) 869-8116
                                  jean.kamp@eeoc.gov

4

Dated:  September 26, 2011	s/Laurie A. Vasichek
              Laurie A. Vasichek
              Minnesota Bar Number 0171438
              Attorney for Plaintiff
              Equal Employment Opportunity Commission
              Minneapolis Area Office
              330 Second Avenue South, Suite 720
              Minneapolis, MN 55401
              Telephone:  (612) 335-4061
              Fax:  (612) 335-4044
              laurie.vasichek@eeoc.gov