UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>MINNESOTA DEPARTMENT OF<br>COMMERCE,<br><br>            Defendant. | Civ. No. 11-02746 JNE/AJB<br><br><br><br><br>**CONSENT DECREE** |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") instituted this action against Defendant Minnesota Department of Commerce ("Commerce"). The Complaint alleges that collective bargaining agreements between Commerce, entered into by the State of Minnesota and the Minnesota Law Enforcement Association violated the Age Discrimination in Employment Act ("ADEA"). Specifically, the EEOC claimed that an early retirement incentive ("ERI") governing certain employees of Commerce violated the ADEA.

The ERIs at issue in this suit were previously challenged by the EEOC in a lawsuit against the Minnesota Department of Corrections ("DOC"), State of Minnesota, *captioned EEOC v. Minnesota Department of Corrections*, Civil Case No. 08-CV-05252 (PAM/FLN). By Order dated April 8, 2010, the Honorable Paul A. Magnuson held in

1

*EEOC v. Minnesota Department of Corrections*, Civil Case No. 08-CV-05252 (PAM/FLN), that the ERI in the collective bargaining agreements violated the ADEA. By Order dated June 4, 2010, and Amended Order dated September 14, 2010, the District Court identified persons damaged, the dollar amount of damages to be paid by the DOC, and future remedies;

The EEOC and Commerce have determined to resolve this matter on the same terms as those set forth in the District Court's decision in *EEOC v. Minnesota Department of Correction*s, Civil Case No. 08-CV-05252 (PAM/FLN).

**THEREFORE,** upon the consent of the parties, and upon review by the Court of these terms, it is **ORDERED, ADJUDGED, and DECREED** that the following terms are approved as set forth herein:

**I.    JURISDICTION**

This Court has jurisdiction over the parties and the subject matter of this action.

**II.    FINDINGS**

A.    The purposes of the ADEA and the public interest will be furthered by the entry of this Decree.

B.    The terms of this Decree constitute a fair and equitable settlement of this action.

C.    The terms of this Consent Decree were reached by a process of negotiation and compromise.

**III.  RELIEF**

A.  The EEOC and Commerce agree that the District Court's holdings in the *EEOC v. Minnesota Department of Corrections*, Civil Case No. 08-CV-05252 (PAM/FLN) ("District Court Memorandum"), with respect to the invalidity of the ERIs (including the grandfathering provisions) under the ADEA and the scope of available relief control here.

B.  Commerce represents that Exhibit A is a true and complete list of all persons ("claimants") who retired from Commerce on or after September 4, 2004 who would have been eligible for the ERI but for the operation of the cliff provision and/or grandfathering provisions as defined in the District Court Memorandum. In the event that any claimant is identified to Commerce within a year from the date of final judgment herein and is determined to have been inadvertently omitted from Exhibit A, the parties agree that they will meet and attempt to resolve the matter pursuant to the terms of this Consent Decree.

C.  Commerce shall make payments to each claimant in the full amount of the employer's contribution to premium that would have been paid had the claimant received the ERI through December 31, 2011. Commerce represents that the amounts listed on Exhibit A represent the full amount of such premiums through December 31, 2011. Commerce shall make such payments on or before December 31, 2011.

D.  Commerce shall offer to enroll those claimants who are under age 65 in the State insurance plan on the same terms as though they had received the ERI at the time of their retirement. The enrollment date shall be January 1, 2012. In the event that

Commerce determines that it cannot extend such an offer for administrative or other reasons, Commerce shall pay the claimants front pay measured by the employer's premium contributions until age 65.

  E. The release of information by Commerce about this matter is governed by Minn. Stat. § 13.01, et seq., ("Minnesota Government Data Practices Act") and Minn. Stat. § 15.17, et seq., ("Official Records Act"). The specific reasons that Commerce is settling this dispute are: 1) to avoid any and all further costs of litigation; and 2) to avoid any and all further risks of litigation. Commerce's statement of specific reasons in this paragraph for settling this dispute complies with the requirements of Minn. Stat. § 13.43, subd. 2(a)(6). Nothing in this Consent Decree shall be construed as an admission or denial of the claims or defenses in this case.

  F. The EEOC and Commerce agree that this Consent Decree constitutes the entire agreement between them and no modification of this Consent Decree and/or other promises or agreements shall be binding unless in writing and signed by all the parties hereto.

  G. The EEOC and Commerce understand and agree that the invalidity or partial invalidity of any portion of this Consent Decree shall not invalidate the remainder of it, and the remainder shall remain in full force and effect.

  H. This Consent Decree may be executed in one or more counterparts, each of which shall be deemed an original.

  I. The EEOC and the Commerce agree that if the applicable federal law changes with respect to the ERI provisions at issue in District Court Case no. 08-CV-

05252 (PAM/FLN) and/or United States Court of Appeals for the Eighth Circuit Case no. 10-2699, either by legislation or controlling authority, Commerce may employ early retirement incentives consistent with that law, notwithstanding this Consent Decree.

## IV.   COSTS AND ATTORNEYS FEES

Each party shall bear that party's own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**

Dated:  11-9, 2011              s/ Joan N. Ericksen
                                Joan N. Ericksen
                                United States District Judge

BY CONSENT:

| | |
|---|---|
| FOR DEFENDANT: | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| | P. David Lopez |
| s/Michael Rothman | General Counsel |
| Michael Rothman | |
| Commissioner | 131 M Street, NE |
| Minnesota Department of Commerce | 5th Floor |
| | Washington, D.C. 20507 |

 s/John C. Hendrickson
John C. Hendrickson
Regional Attorney

s/Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
Telephone:  (312) 869-8116
Facsimile:   (312) 869-8124

 s/Laurie A. Vasichek                          .
Laurie A. Vasichek (#171438)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone: (612) 335-4061
Facsimile:  (612) 335-4044

6

EXHIBIT A

**Department of Commerce**

James W. Manke     $8,925